UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re NADIA KOSTYUK,

Appellant/Debtor.

No. 2:18-cv-03256-MCE

**ORDER**

On December 21, 2018, Nadia Kostyuk filed the instant appeal in this matter from a December 7, 2018 ruling of the bankruptcy court, and the case was transmitted to the undersigned for adjudication. Kostyuk argues that the bankruptcy court's ruling, which imposed an automatic stay on all creditors with the exception of the BBV Profit Sharing Plan ("BBV"), was made in error. Then, on January 18, 2019, Kostyuk filed an Ex Parte Application asking that the Court immediately rule on her appeal, and stay any proceedings involving BBV, prior to the commencement of January 25, 2019 trial in an unlawful detainer case filed against her by BBV after BBV purchased Kostyuk's home in a foreclosure sale.

The decision to grant or stay relief from the automatic stay occasioned by bankruptcy is committed to the sound discretion of the bankruptcy court and is accordingly reviewed under an abuse of discretion standard. In re Conejo Enterprises,

Inc., 96 F.3d 346, 351 (9th Cir. 1996). The decision of the bankruptcy judge will be reversed only if based on an erroneous conclusion of law or when the record contains no evidence on which the bankruptcy court could rationally have based its decision. Id.

Having examined the decision of the bankruptcy court under the applicable abuse of discretion standard, this Court finds neither an error of law nor the absence of any evidence under which the bankruptcy court's December 7, 2018 Order, and its supporting Memorandum Opinion and Decision, were predicated. The bankruptcy court explained that given the two prior bankruptcy petitions filed by Kostyuk in the preceding year, her third petition was presumptively not filed in good faith, subject to that presumption being rebutted should the totality of the circumstances show otherwise. See 11 U.S.C. § 362(c)(4)(D); In re Elliot-Cook, 357 B.R. 811, 814 (Bankr. N.D. Cal. 2006). Absent such a showing of good faith, an automatic stay of proceedings is not indicated, and the bankruptcy court detailed why its review of the supplemental pleadings, plan and schedules did not support making that determination. Consequently, as the bankruptcy court correctly noted, no automatic stay precluded the November 9, 2018 foreclosure sale (held one day after the subject petition was instituted on November 8, 2018) from proceeding. Because no stay applied to the foreclosure sale itself, the unlawful detainer proceedings based on BBV's resulting ownership of Kostyuk's home are not precluded.

Ms. Kostyuk's Ex Parte Application for Stay Pending Appeal (ECF No. 3) is accordingly DENIED. Moreover, because the requested stay is the sole objective of Kostyuk's bankruptcy appeal itself, that Appeal (ECF No. 1) is also DISMISSED. The Clerk of Court is directed to close the file.

IT IS SO ORDERED.

Dated: January 23, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE